UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STACEY A. EUSTACE,

                                        Plaintiff,

                                                            DECISION AND ORDER

                                                            09-CV-6628L

                    v.

CORNING, INC.,

                                        Defendant.

_____

## INTRODUCTION

Plaintiff is a former employee of defendant Corning, Inc. ("Corning").  In 2009, plaintiff was terminated from her position at Corning during a reduction in force ("RIF") in which some 3,500 people were laid off.  Plaintiff now claims that she was selected for the RIF because of her age and thereafter replaced by a younger worker, Nicole Thomas, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA").  Plaintiff also claims that she was defrauded by Corning when it represented to her that her former position had been eliminated.  On June 17, 2011, Corning moved for summary judgment dismissing the complaint (Dkt. #13), on the grounds that plaintiff's claims are barred by a Release she signed as part of a severance package, and/or that plaintiff lacks sufficient evidence to establish her discrimination claims.  For the reasons that follow, Corning's motion is granted, and the complaint is dismissed.

## DISCUSSION

### I.        Summary Judgment Standard

The standard applicable to motions for summary judgment is well-settled.  In brief, summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

Plaintiff's claims of employment discrimination pursuant to the ADEA are subject to the burden-shifting analysis articulated in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, plaintiff must establish a *prima facie* case of discrimination by demonstrating: (1) membership in a protected class; (2) satisfactory job performance; and (3) an adverse employment action – here, plaintiff's selection for the RIF and/or non-selection in the newly-created Team Leader position, occurring under (4) circumstances giving rise to an inference of discrimination. *See Collins v. New York City Transit Authority*, 305 F.3d 113, 118 (2d Cir. 2002). Once plaintiff has established a *prima facie* case, the burden shifts to Corning to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *See James v. New York Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000). The burden then returns to plaintiff, to supply evidence that the legitimate, nondiscriminatory reasons offered by Corning are pretextual. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 508 (1993). "In order to satisfy her burden at the final stage, the plaintiff must prove, by a preponderance of the evidence, that age discrimination was the 'but-for' cause of the challenged adverse action." *Attard v. City of New York*, 2011 U.S. App. LEXIS 24919 at *3 (2d Cir. 2011), *citing Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, a non-movant (here, plaintiff) must offer similar materials setting forth specific facts that show that there is a genuine issue of material fact to be tried. *See Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). Plaintiff cannot simply rely upon the allegations in her pleadings, conclusory statements, or unsupported assertions that the movant's evidence is not credible. *See e.g.*, *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996).

In brief, plaintiff claims that although Corning representatives told her that her position as the Supervisor of Media Services in Corning's Knowledge & Information Management department

- 2 -

was being eliminated during the RIF, Corning did not in fact discontinue the position, but renamed it and replaced plaintiff with a younger worker, in violation of the ADEA.

Initially, I note that to the extent that any of plaintiff's claims arose prior to the time she signed a comprehensive Release of claims in connection with her termination on March 24, 2009, including any claim that she was initially selected for the RIF for discriminatory reasons, those claims are barred by the Release.  Initially, it is undisputed that the Release complies with the applicable provisions of the Older Workers Benefit Protection Act, 29 U.S.C. §626(f), and was "knowing and voluntary" within the meaning of the Act.  There is no evidence that plaintiff ever revoked the Release, and at all times she has retained the consideration she received for it, including 18 weeks of severance pay and other benefits.

Furthermore, although plaintiff appears to claim that the Release was fraudulently obtained and is therefore unenforceable, plaintiff has failed (as detailed below) to come forward with any evidence that her position was not actually eliminated or that she was otherwise misled, and I find that, based on the undisputed facts, the Release is valid and enforceable as a matter of law.

Assuming *arguendo* that plaintiff has established her *prima facie* case with respect to claims post-dating the Release, Corning has presented significant evidence in admissible form, including sworn affidavits by persons with personal knowledge, establishing that plaintiff's position was indeed eliminated during the RIF, and that the new Team Leader position is an entirely separate position, with duties significantly distinct from those performed by plaintiff in the eliminated "Media Services Supervisor," a/k/a "Team Leader" position.  Notably absent from the new position are eight of the eleven primary duties formerly performed by plaintiff.  Most of these duties were divided between three other employees, and some were eliminated entirely.  (Dkt. #13-6 at 7).  Added to the new position are three or four other duties which were not part of plaintiff's job, including a new and weighty "hands-on" component by which the Team Leader's duties overlap with those of the Audio Visual Technicians who comprise the Team.  The new Team Leader position also has a rate of compensation roughly 1/3 less than the amount plaintiff had been paid.

Because the overwhelming majority of the duties required of the two positions are distinct from one another, they are manifestly two different jobs, and no reasonable finder of fact could conclude that the new Team Leader position is actually, as plaintiff suggests, a recreation of her former job with a different title.

Finally, Corning has demonstrated that the relevant decision makers who developed and filled the new Team Leader position were themselves over the age of forty, that they had repeatedly promoted plaintiff in the past, and that on average, the employees they selected for the RIF in plaintiff's department were over two years *younger* than the average-aged person in that department. (Dkt. #13-2 at ¶¶9-12, Exh. B). These facts also militate against plaintiff's unsupported contention that her selection for the RIF was a pretext and a subterfuge, calculated to bring about her replacement by a younger employee. *See e.g.*, *Schnabel v. Abramson*, 232 F.3d 83, 91 (2d Cir. 2000) ("where the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire"); *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 560 (2d Cir. 1997) (same); *Kazukiewicz v. Health*, 2010 U.S. Dist. LEXIS 74759 at *16-*17 (W.D.N.Y. 2010) (statistical evidence reflecting retention of more older workers than younger workers during an RIF supports the inference that lay-offs were not motivated by discriminatory animus).

Although plaintiff places substantial reliance upon a notation in Corning's "Adverse Impact Analysis" document which describes her "possible replacement by Nicole Thomas as team lead," there is no evidence that the "team lead" position described with respect to Thomas is the same Team Leader position plaintiff had occupied, as opposed to the newly-developed Team Leader position, which the Court has already found was a new and different position from that held by plaintiff.

In short, plaintiff has failed to rebut Corning's evidence with admissible evidence of her own, and her allegations appear to rest almost entirely upon unsupported assumptions that the "new" Team Leader position was substantially a re-creation of the "Supervisor, Media Services" position she had formerly occupied. The undisputed evidence simply does not support this view, and upon the facts

presented, no reasonable trier of fact could conclude that Corning's actions were a pretext for age-based discrimination, let alone that age discrimination was the "but-for" cause of plaintiff's termination. *See Timbie v. Eli Lilly & Co.*, 2011 U.S. App. LEXIS 13486 at *5-*6 (2d Cir. 2011) ("*Gross* dictates that [at the final step in the *McDonnell Douglas* analysis], the plaintiff must show that a reasonable jury could conclude by a preponderance of the evidence that [the plaintiff's] age was a 'but for' cause of [the adverse employment action]") (internal quotations omitted). *See generally Gross*, 557 U.S. at 167.

## CONCLUSION

For these reasons, Corning's motion for summary judgment (Dkt. #13) is granted, and the complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 26, 2012.

- 5 -